**Ray SLANE, Al Beard and Bob Souza, Plaintiffs,**

v.

**The RIO GRANDE WATER CONSERVATION DISTRICT, Defendant.**

Civ. A. No. 84–M–106z.

United States District Court, D. Colorado.

March 10, 1987.

David Hofer, Lakewood, Colo., for Mark Saiki.

David W. Robbins, Dennis M. Montgomery, Hill & Robbins, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The defendant, Rio Grande Water Conservation District (the "District"), filed a motion for attorney's fees on December 7, 1984. The plaintiffs responded through their attorney, Mark Saiki, on December 28, 1984, and the defendant replied on January 4, 1985. On February 28, 1986, this court issued a Memorandum Opinion and Order, holding that an award of fees was appropriate under F.R.Civ.P. 11 and 42 U.S.C. § 1988, and set a hearing for April 11, 1986. At that hearing, this court recommended that Mr. Saiki withdraw from his representation of the plaintiffs and that he obtain counsel for himself. Mr. Saiki withdrew from representation of the plaintiffs, and David Hofer, appearing on behalf of Mr. Saiki, filed a response to the motion for attorney's fees, and requested an additional hearing.

In the January 12, 1987 order setting that hearing, this court advised all parties that the purpose of the hearing was to determine the amount of attorney's fees to be awarded to the District and how the payment of such an award should be allocated between plaintiffs and Mark Saiki.

At that hearing, Mr. Saiki testified that he had no experience as a practicing lawyer prior to the filing of this lawsuit. His representation of these plaintiffs resulted from his answering their newspaper advertisement for a lawyer. Mr. Saiki testified that he spent approximately eighty hours investigating the facts and researching the law prior to filing this lawsuit. As a part of this investigation, Saiki sent a demand letter to the United States Bureau of Reclamation, requesting three million dollars in damages in connection with an alleged taking of his clients' property. The District received a copy of this letter and informed Saiki that his clients' claims were barred by the doctrine of *res judicata*, and that the

plaintiffs' position was without basis in law or fact. Saiki also sent a copy of the demand letter to William Paddock of the Colorado Attorney General's Office. In response, Mr. Paddock wrote to Saiki stating that:

I called you on or about December 1, 1983 to discuss with you the demand letter and accompanying memorandum and return letter you mailed to this office pertaining to claims of your clients, Beard, Slane and Sousa. In that conversation, I discussed with you the merits of the legal claims made in your correspondence. I pointed out to you that I believed you misunderstood the law of nontributary ground water in Colorado and in particular, the applicability of that law to the unique hydrologic conditions existing in the Closed Basin of the San Luis Valley of Colorado. I also suggested that the case law and statutes provide no basis for your legal position. By so doing, I hoped to encourage you to critically evaluate the legal and factual bases for your claims before electing to file the proposed lawsuit.

Despite these communications, Saiki filed the lawsuit because, as he testified at the hearing, he believed that his clients' rights were being infringed without due process of law. Saiki now admits that he was not competent to counsel his clients in this case.

■ Mr. Saiki fails to understand his obligation as a member of the bar of this court. Inexperience and naivete are no excuse for the prosecution of a frivolous lawsuit. Under DR 6–101(A)(1) of the Model Code of Professional Responsibility a lawyer is prohibited from handling "a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it."

■ Counsel for Mr. Saiki argued that the plaintiffs should be held responsible for a portion of the fees to be awarded to the District. At the hearing, Saiki suggested that his clients failed to inform him of

relevant facts and that he relied upon their representations. Saiki has a legal and ethical obligation to dissuade his clients from pursuing specious claims. Despite his belief in the statements of his clients, "he needs facts on which to ground knowledge, information or belief. If all the attorney has is his client's assurance that facts exist or do not exist, when a reasonable inquiry would reveal otherwise, he has not satisfied his obligation." *Coburn Optical Industries, Inc. v. Cilco Inc.*, 610 F.Supp 656, 659 (M.D.N.C.1985). This court will not hold laymen responsible for fees, when it is apparent that competent counsel would have advised them that their claims are without merit. A lawyer is more than an agent for a client. He is an officer of the court. The certifications implicit in the signing of a complaint pursuant to Rule 11 are designed to caution counsel about this obligation and to prevent a lawyer's participation in frivolous litigation. Mr. Saiki violated this rule and his duty to this court. He must pay the District its reasonable fees and expenses in defending this case.

The defendant submitted an amendment to its motion for attorney's fees, and included affidavits detailing the number of hours spent in defending this action, and the fees charged. The District paid its lawyers $11,634.00 for defending this lawsuit. Except for $920.50 attributable to time spent on this case by a paralegal and law clerk, these fees are reasonable, and this court finds that the District is entitled to an award of $10,713.50.

Upon the foregoing, it is

ORDERED that the Mark Saiki shall pay to the Rio Grande Water Conservation District the amount of $10,713.50.